## PITTS *vs.* FLOURNOY & EPPING *et al.*

A bill filed by Flournoy & Epping alleged as follows: Pitts had a *fi. fa.* against Kimbrough. Flournoy & Epping had two *fi. fas.* against him, one older, the other younger than Pitts', but the younger founded on a mortgage containing a waiver of homestead. All were levied on certain cotton. To defeat Pitts Kimbrough had the cotton set apart as an exemption and filed a claim with Flournoy & Epping as securities. The mortgage *fi. fa.* was proceeding; Kimbrough appealed to Flournoy & Epping not to sacrifice the cotton at sheriff's sale at Lumpkin, but to take it at a fair valuation of

$400.00, carry it to Columbus, where it could be sold, and if it brought more than that to give his family the benefit of it; this they agreed to do, and have made the sale accordingly. The claim of Kimbrough under the Pitts *fi. fa.* was dismissed without a trial, and Kimbrough refuses to interpose another claim. He and Pitts are kinsmen, and have colluded, etc.; both are insolvent. Pitts has notified them to produce the cotton, and they will be subjected to suit on their bond. Discovery was waived. Defendant's answer denied collusion with Kimbrough, and charged that the claim itself was the result of fraudulent collusion between Kimbrough and Flournoy & Epping to delay him:

*Held,* that under these facts the chancellor did not err in granting an injunction to restrain Pitts from proceeding until the final hearing.

Equity. Injunction. Before Judge Butt. Muscogee County. At Chambers. February 25th, 1880.

To the report contained in the decision, it is only necessary to add that the bill waived discovery. .

BLANDFORD & GARRARD, for plaintiff in error.

SAM'L B. HATCHER; HENRY R. GOETCHIUS, for defendants.

JACKSON, Justice.

The plaintiff in error obtained a judgment and *fi. fa.* against J. W. Kimbrough in June, 1877, which, in November thereafter, was levied upon fifteen bales of his cotton. Two *fi. fas.* in favor of Flournoy & Epping, one a common law *fi. fa.* of older date than Pitts', the other a mortgage *fi. fa.*, younger, but with a waiver of homestead and exemption, were also levied on the same cotton. Kimbrough, to defeat the collection of the Pitts' *fi. fa.*, had an exemption of personalty granted him on the cotton, and as trustee for his wife and children claimed it, with Flournoy & Epping as his securities. The sheriff returned the Pitts *fi. fa.* with the entry thereon of "homestead taken," and the claim papers arising on the same, back to the court.

The homestead and exemption of personalty having been waived in the mortgage of Flournoy & Epping, their *fi. fa.* was proceeding to sell the cotton, when Kimbrough, as is alleged, appealed to them not to sacrifice his cotton in the town of Lumpkin, which was not a cotton market, but to take it on their *fi. fa.* at the price of $400.00, which was its value there, and bring it to Columbus where it would sell to better advantage. It is further alleged that being kindly disposed towards said Kimbrough and his family they agreed to do so, and that if it brought any more than the $400.00 his family should have the benefit of it. When the claim case came on to be heard it was dismissed without a trial, thus leaving the Pitts *fi. fa.* to proceed under its former levy on the fifteen bales of cotton, though they had been brought to Columbus and sold under the agreement entered into with Kimbrough by Flournoy & Epping.

The complainants allege that Kimbrough and Pitts are related ; that notwithstanding his, Kimbrough's, agreement with complainants he refuses to interpose another claim ; that Pitts has advertised the cotton for sale ; that Kimbrough, combining and conspiring with Pitts to defraud them, and in answer to his strange and unjust proceedings, says that he and the said Pitts understand each other ; that Pitts has notified them to produce the cotton at the sale ; that they, Pitts and Kimbrough, are both insolvent ; that a continuance of this fraudulent conduct on the part of Pitts and Kimbrough will subject them to a suit on their bond where they cannot make defense as adequately as they can in a court of equity ; that their bill will prevent a multiplicity of suits, terminate endless litigation, place at rest the title to said property, and settle the equities between all parties. Therefore they pray for an injunction against the said Pitts until all the equities can be heard and determined.

Upon the hearing of this application for injunction the same was granted by the chancellor, and Pitts, by his counsel, excepted.

The defendant, Pitts, denies all combination with Kimbrough, and charges that complainants procured the claim of Kimbrough, and became his securities with the fraudulent intent and illegal purpose to hinder, delay and defeat him in the collection of his debt.

We think that the allegations in complainants' bill, and the denials and charges set up in the defendant's answer, make such a case as should be passed on by a jury, and that the chancellor committed no error in granting the injunction.

Judgment affirmed.